J-S03005-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TYRONE DAVIS | : | |
| | : | |
| Appellant | : | No. 777 MDA 2025 |

Appeal from the Judgment of Sentence Entered April 29, 2025
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s): CP-35-CR-0002738-2024

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TYRONE DAVIS | : | |
| | : | |
| Appellant | : | No. 778 MDA 2025 |

Appeal from the Judgment of Sentence Entered April 29, 2025
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s): CP-35-CR-0000742-2025

BEFORE:  DUBOW, J., BECK, J., and LANE, J.

MEMORANDUM BY DUBOW, J.:                    **FILED: FEBRUARY 23, 2026**

Appellant, Tyrone Davis, appeals from the judgments of sentence of two consecutive terms of 9 to 24 months of incarceration entered in the Lackawanna County Court of Common Pleas following his guilty pleas to two counts of Simple Assault.[1]  Appellant's counsel, Donna M. DeVita, Esquire, has

---

[1] 18 Pa.C.S. § 2701(a)(1).

filed a petition to withdraw as counsel and an **Anders**[2] brief, to which Appellant has not filed a response.  Upon review, we grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

The relevant facts and procedural history are as follows.  On two separate occasions while an inmate at Lackawanna County Prison, Appellant assaulted a fellow inmate by punching him in the face and head.  On January 24, 2025, and April 25, 2025, Appellant entered guilty pleas to one count of Simple Assault arising from each of these incidents.

On April 29, 2025, after reviewing a pre-sentence investigation ("PSI") report, the trial court sentenced Appellant to two consecutive terms of 9 to 24 months of incarceration.  Appellant's PSI report indicated that he had a prior record score ("PRS") of 3 and the offense gravity score for Simple Assault is 3.  The court noted that the standard range sentence for a person with a PRS of 3 is 3 to 6 months, and the aggravated range sentence is 9 months.  The court also noted that there were aggravating circumstances present, including that Appellant assaulted the inmate within the prison setting and while already detained on other charges.

Appellant filed a timely post-sentence motion, claiming that the trial court abused its discretion in imposing sentences in the aggravated range and that the court's only reason for doing so—that both assaults occurred at the Lackawanna County Prison—was inadequate to justify an aggravated range

---

[2] **Anders v. California**, 386 U.S. 738 (1967).

sentence. Appellant also noted the fact that the trial court ordered Appellant to serve these sentences "consecutive to a lengthy state prison sentence . . . imposed . . .for unrelated offenses." Motion, 5/5/25, at ¶ 3. He did not, however, claim that his sentences were excessive because the court ordered them to run consecutively, in general, or consecutive to each other. On May 7, 2025, trial court denied the motion.

This appeal followed. Appellant filed a Pa.R.A.P. 1925(b) statement in which he claimed the court erred or abused its discretion because "there were no aggravating circumstances present during the commission of [the] offense[s]" and by ordering the sentences to run consecutively to each other. Rule 1925(b) Statement, 7/24/25. The trial court filed a responsive Rule 1925(a) opinion.

On November 7, 2025, counsel filed a petition to withdraw as counsel and an ***Anders*** brief. In the ***Anders*** brief, counsel indicated that Appellant wished to raise the following issues on appeal:

1. Whether the sentencing court erred and abused its discretion when it failed to impose standard range sentences by imposing aggravated sentences of 9 to 24 months [of] incarceration, the maximum sentences for Simple Assault, 18 Pa.C.S.[] 2701(a)(1), where there were no aggravating circumstances present during the commission of either of these offenses[?]

2. Whether the sentencing court erred and abused its discretion when it ordered that the sentences are to be served consecutive resulting in an aggregate sentence of 18 to 48 months which is harsh and excessive[?]

***Anders*** Brief at 4.

As a preliminary matter, we address appellate counsel's request to withdraw as counsel. "When presented with an *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." *Commonwealth v. Daniels*, 999 A.2d 590, 593 (Pa. Super. 2010). In order for counsel to withdraw from an appeal pursuant to *Anders*, our Supreme Court has determined that counsel must meet the following requirements:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009).

Counsel has complied with the mandated procedure for withdrawing as counsel. Additionally, counsel confirms that she sent Appellant a copy of the *Anders* brief and petition to withdraw, as well as a letter explaining to Appellant that he has the right to retain new counsel, proceed *pro se*, and to raise any additional points. *See Commonwealth v. Millisock*, 873 A.2d 748, 751 (Pa. Super. 2005) (describing notice requirements).

Because counsel has satisfied the above requirements, we will address the substantive issue raised in the *Anders* brief. Subsequently, we must

"make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Santiago*, 978 A.2d at 355 n.5 (citation omitted); *see also Commonwealth v. Yorgey*, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*) (noting *Anders* requires the reviewing court to "review 'the case' as presented in the entire record with consideration first of issues raised by counsel").

In the *Anders* Brief, counsel indicates that Appellant seeks to challenge his sentence as excessive, thus implicating the discretionary aspects of his sentence. *Anders* Brief at 11-16. A challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right. *See Commonwealth v. Leatherby*, 116 A.3d 73, 83 (Pa. Super. 2015). Rather, an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by (1) filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a post-sentence motion; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence; and (4) presenting a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. *Id.*

With respect to the second factor, a defendant must object and request a remedy at sentencing or raise the challenge in a post-sentence motion. *Commonwealth v. McAfee*, 849 A.2d 270, 275 (Pa. Super. 2004). The Pennsylvania Rules of Criminal Procedure specifically caution defendants that,

when filing post-sentence motions, "[a]ll requests for relief from the trial court shall be stated with specificity and particularity[.]" Pa.R.Crim.P. 720(B)(1)(a); *see Commonwealth v. Tejada*, 107 A.3d 788, 798-99 (Pa. Super. 2015) (noting that the trial court must be given the opportunity to reconsider its sentence either at sentencing or in a post-sentence motion); *see*, *e.g.*, *Commonwealth v. Mann*, 820 A.2d 788, 793-94 (Pa. Super. 2003) (holding that defendant waived discretionary aspects of sentencing claim regarding sentencing court's failure to state the reasons for his sentence on the record where defendant filed a post-sentence motion but only argued that "his sentence was unduly severe and that the trial court abused its discretion under the Sentencing Code).

Appellant filed a timely appeal from his judgment of sentence. However, following our review we conclude that Appellant did not preserve his claims with specificity in a post-sentence motion. In particular, with respect to Appellant's first claim, we note that in his post-sentence motion Appellant claimed only that his aggravated-range sentences were excessive because the court's sole reason for imposing them—that both assaults occurred at the Lackawanna County Prison—was **inadequate**. In contrast, in the *Anders* brief, Appellant has indicated that he seeks to challenge his sentences because "there were **no** aggravating circumstances present during the commission of either of these offenses." *Anders* Br. at 4 (emphasis added). Given that Appellant did not raise in the post-sentence motion the issue he now seeks to raise on appeal, we find he waived it.

- 6 -

We likewise find Appellant failed to preserve his claim regarding the alleged excessiveness arising from the imposition of consecutive sentences. Appellant contends in the **Anders** brief that the court abused its discretion in ordering Appellant to serve the instant sentences consecutively **to each other**. Our review of his post-sentence motion indicates, however, that Appellant did not request reconsideration of his sentences based on their consecutive imposition; he merely noted that the court ordered the instant sentences to run consecutively to a "lengthy prison sentence . . . imposed . . . for unrelated offenses."[3] He did not challenge the fact that the court ordered the instant sentences to run consecutively. Accordingly, because Appellant failed to preserve with specificity as required by Rule 720(B)(1)(a) either of the claims he seeks to raise on appeal, he deprived the sentencing court of the opportunity to address the claims and reconsider or modify his sentence. He, therefore, waived his discretionary aspects of sentencing claims.

Since Appellant waived these claims, we agree with counsel that they are frivolous. **See Commonwealth v. Tukhi**, 149 A.3d 881, 888 (Pa. Super. 2016) ("An issue that is waived is frivolous."); **Commonwealth v. Kalichak**, 943 A.2d 285, 291 (Pa. Super. 2008) ("Having been waived, pursuing this matter on direct appeal is frivolous."). Further, following our independent review, we discern no issues that would merit appellate review.

---

[3] Motion at ¶ 3.

Judgment of sentence affirmed.  Petition to withdraw as counsel granted.


Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 2/23/2026